DANAHY, Judge.
In this dissolution of marriage proceeding, the wife argues that the trial judge abused his discretion in failing to award her a one-half interest in a major equity asset of the marriage partnership, which was titled solely in the husband’s name. We agree.
The parties were married for twenty-five years, twenty years of which the wife spent at home serving in the role of homemaker and mother to three children born of the marriage, while the husband pursued a successful career in banking and eventually became a bank president. In recent years, the wife went back to school and became a certified public accountant. She is currently employed in that capacity.
During the course of the marriage, the parties acquired substantial assets. One of these was unit 403 in Sand Castle III condominium, purchased in September of 1981. The equity in this property is substantial. It was acquired in part by jointly owned funds and in part by a loan against the husband’s life insurance policy; by a profit sharing check distributed to the husband from his former employer; and by a return of capital from a partnership in which the husband had invested. The investment in the partnership came from the husband’s earnings and the sale of two family cars. The final judgment, while awarding the wife an interest in other less valuable properties, failed to award the wife any interest at all in Sand Castle III unit 403. We believe that the trial judge abused his discretion, using the test that reasonable persons could not differ as to the propriety of awarding the wife an interest in that property. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Accordingly, we reverse the final judgment and remand with directions that the trial judge award the wife a one-half interest in unit 403, Sand Castle III condominium, as lump sum alimony. In all other respects the final judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GRIMES, A.C.J., and SCHEB, J., concur.